# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES R. PACKARD,**
**Claimant Below, Petitioner**

**FILED**
November 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0027** (BOR Appeal No. 2046247)
(Claim No. 2003027457)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**GUY F. ATKINSON COMPANY,**
**THE DELTA STEEL CORPORATION, and**
**NOELL, INC.,**
**Employers Below, Respondent**

## MEMORANDUM DECISION

Petitioner James R. Packard, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 16, 2011, in which the Board reversed a July 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 25, 2011, Order denying the reopening of the claim on a permanent partial disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited

circumstances" requirement of Rule 21 (d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Packard was employed for approximately thirty years as an ironworker and welder for Guy F. Atkinson Company, The Delta Steel Corporation, and Noell, Inc. In 2011, Mr. Packard requested a reopening of his claim, for consideration of an additional permanent partial disability award. The claims administrator denied the request. The Office of Judges reversed the claims administrator and found that the preponderance of the evidence established a prima facie cause to reopen the claim for consideration of permanent partial disability. Mr. Packard argues that a prima facie cause to reopen his claim on a permanent partial disability basis has been established. The West Virginia Office of Insurance Commissioner argues that the volume time tracings available from Stonewall Jackson Memorial Hospital were unacceptable and should not be used in evaluating pulmonary functional impairment. Therefore, a prima facie cause has not been established. Mr. Packard's pulmonary test on February 14, 2011, at Stonewall Jackson Memorial Hospital indicated that his $FEV_1/FVC$ ratio was 57% with an MVV of 38%, which showed a decrease from Mr. Packard's 2003 test results of $FEV_1/FVC$ ratio of 75% and MVV of 93%. On March 21, 2011, Greg McLaughlin submitted a report and indicated that the volume time tracings from Mr. Packard's Stonewall Jackson Memorial Hospital pulmonary testing were unacceptable based upon West Virginia Code of State Rules § 85-20 (2006), and could not be used in evaluating pulmonary functional impairment.

The Board of Review concluded that there was insufficient medical documentation to justify reopening Mr. Packard's claim on a permanent partial disability basis. Under *Harper v. State Workmen's Compensation Commissioner*, 160 W. Va. 364, 234 S.E.2d 779 (1977), for a claimant to reopen a claim, he must show any evidence which would tend to justify, but not compel the inference that there has been a progression or aggravation of their former injury. The Office of Judges noted that the Stonewall Jackson Memorial Hospital pulmonary test established that Mr. Packard's condition had progressed. It further noted that the accuracy of the Stonewall Jackson Memorial Hospital pulmonary test is not in question; the only issue to be decided is whether or not Mr. Packard has shown a prima facie cause to reflect a progression in his condition. The Office of Judges held that the preponderance of the evidence established a prima facie cause that Mr. Packard's condition had progressed. We agree with the reasoning and conclusions of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the Order of the Office of Judges dated July 25, 2011.

Reversed and Remanded.

**ISSUED: November 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II